**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br>   Plaintiff, </br></br> vs. </br></br> WOBIAO LEI, </br> XINMING WU, </br> YI JUN CHEN, </br> GUO GUI YU, </br> SONG K. HUANG, </br> ZHIQIANG LIU, </br> <u>WENGUAN LEI</u>, </br> CHEE CHOONG NG, </br> GUOLONG LI and </br> LINGFENG LEI, </br>   Defendants. | No. CR20-171JCC </br></br> LEGAL BRIEF AS TO </br> MOTION TO SUPPRESS DEFENDANT </br> WENGUAN LEI'S STATEMENTS </br></br> Note Date June 10, 2022 or a date that is appropriate for witnesses and the court </br></br> ORAL ARGUMENT REQUESTED |

TO US DISTRICT ATTORNEY'S OFFICE
BORIS PETRENKO
AND ALL OTHER RELATED PARTIES
AND TO THE CLERK OF THE COURT

<u>LEGAL BRIEF AS TO MOTIONS TO SUPPRESS</u>

ISSUES PRESENTED

1. Since the Defendant was not properly read his *Miranda* rights in his own language due to an unknown or possibly unqualified interpreter was the interrogation and / or search and

MOTIONS TO SUPPRESS - 1

HOOVER LAW GROUP P.L.L.C.
1805 – 136th Place NE #203
Bellevue, WA 98005
Phone: (206) 613-3111
Fax: (206) 613-3112
E-mail: gshlaw@gmail.com

seizure by the postal inspector a violation of the defendant's rights under the State and US Constitutions?

2. Should the court suppress evidence gathered illegally when the Defendant was never informed in his own language nor ever gave consent for the conversation and any possible search and seizure to be recorded?

## BRIEF STATEMENT OF RELEVANT FACTS

On or about October 21, 2020, the defendant was interrogated by a postal inspector with the use of the postal inspector's own interpreter. That interpreter's name is not known nor is her contact information to the defense at this time. That interrogation was recorded. In the beginning the postal inspector said it is being recorded but the interpreter did not translate this to the defendant. Also, during the interrogation, at some times during the interrogation, the translator either did not translate information to the defendant or did not translate to English what the defendant had stated. Also the credentials of the translator are not yet known. The defense is noew moving to suppress any statements by the defendant since it appears that his rights may not have been interpreted to him correctly and the defendant did not know or was not properly notified that the conversation was being recorded.

## MEMORANDUM OF LAW

1. Since the Defendant was not properly read his *Miranda* rights in his own language due to an unknown or possibly unqualified interpreter was the interrogation and / or search and seizure by the postal inspector a violation of the defendant's rights under the State and US Constitutions?   Yes.

A defendant's statements, made in response to custodial interrogation by police, are not admissible unless the State "demonstrates the use of procedural safeguards effective to secure the privilege against self- incrimination." *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Custodial interrogation occurs when an agent of the state asks the

MOTIONS TO SUPPRESS - 2

HOOVER LAW GROUP P.L.L.C.
1805 – 136th Place NE #203
Bellevue, WA 98005
Phone: (206) 613-3111
Fax: (206) 613-3112
E-mail: gshlaw@gmail.com

defendant a question, while in custody, that is reasonably likely to elicit an incriminating response. *State v. Walton,* 64 Wn.App. 410, 824 P.2d 533 (1992).

A suspect who has been advised of his *Miranda* rights against self-incrimination may waive the rights, provided the waiver is made knowingly and intelligently. <u>Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966)</u>. The defense in this case also cites State authorities as persuasive evidence for purposes of these motions. The State must establish that the defendant was fully advised of his rights, understood them, and knowingly and intelligently waived them. <u>State v. Terrovona</u>, 105 Wn.2d 632, 646, 716 P.2d 295 (1986); <u>State v. Reuben</u>, 62 Wn.App. 620, 625, 814 P.2d 1177, *review denied*, <u>118 Wn.2d 1006 (1991)</u>.

The State has the burden of proving that a defendant has made a knowing, voluntary and intelligent waiver of his or her *Miranda* rights. Whether a confession is voluntary and therefore admissible is determined by examining the totality of the circumstances. <u>State v. Wolfer</u>, 39 <u>Wn.App. 287, 290, 693 P.2d 154 (1984)</u>, *review denied*, <u>103 Wn.2d 1028 (1985)</u> (*citing Davis v. North Carolina*, 384 U.S. 737, 741-42, 86 S.Ct. 1761, 1764-65 (1966)). A valid waiver may be either expressly made or implied when the record reveals that the "defendant understood his rights and volunteered information after reaching such understanding." <u>State v. Terrovona,</u> 105 <u>Wn.2d 632, 646 (1986)</u>.

A waiver may be inferred when "the record shows that a defendant's answers were freely and voluntarily made without duress, promise or threat and with a full understanding of his constitutional rights." *Terrovana*, 105 Wn.2d at 647. Validity of a waiver of rights during interrogation depends upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. *State v. Whitaker*, 133 Wn.App. 199 (2006). Inebriation is a factor that courts consider when determining whether

MOTIONS TO SUPPRESS - 3

HOOVER LAW GROUP P.L.L.C.
1805 – 136th Place NE #203
Bellevue, WA 98005
Phone: (206) 613-3111
Fax: (206) 613-3112
E-mail: gshlaw@gmail.com

defendant voluntarily waived his *Miranda* rights; inebriation is not dispositive of the issue. *State v. Saunders,* 120 Wn.App. 800 (2004). The State must prove by a preponderance of the evidence that the confession was voluntary. *State v. Cushing,* 68 Wn.App. 388, 393, 842 P.2d 1035 (1993) (*citing State v. Ng,* 110 Wn.2d 32, 37, 750 P.2d 632 (1988)).

The Washington State legislature has expressed an intent that non-English speakers be read legal rights and warnings in their native language:

> It is hereby declared to be the policy of this state to secure the rights, constitutional or *otherwise*, of persons who, because of a non-English-speaking cultural background, are unable to readily understand or communicate in the English language, and who consequently cannot be fully protected in legal proceedings unless qualified interpreters are available to assist them. RCW 2.43.010

Courts have likewise recognized the importance of ready interpreters to ensure that non-English speakers fully understand their rights and the proceedings against them: "The Washington Courts are committed to ensuring equal access to justice for all individuals regardless of their ability to communicate in the spoken English language." Washington State Court Interpreter Program, http://www.courts.wa.gov/programs_orgs/pos_interpret/ (last visited July 24, 2019). *Also see, In re Pers. Restraint of Khan*, 184 Wn.2d at 689 (lead opinion) (citing RCW 2.43.010, .030, .040(2); *State v. Gonzales-Morales*, 138 Wn.2d 374, 379, 979 P.2d 826 (1999)). "The purpose of [the statutory procedures at] RCW 2.43 is to uphold the constitutional rights of non-English speaking persons." *State v. Aquino-Cervantes*, 88 Wn. App. 699, 706, 945 P.2d 767 (1997). In Washington, a criminal defendant's right to an interpreter is based on the

MOTIONS TO SUPPRESS - 4

HOOVER LAW GROUP P.L.L.C.
1805 – 136th Place NE #203
Bellevue, WA 98005
Phone: (206) 613-3111
Fax: (206) 613-3112
E-mail: gshlaw@gmail.com

Sixth Amendment right to confront witnesses and "'the right inherent in a fair trial to be present at one's own trial.'" *Gonzales-Morales*, 138 Wn.2d at 379 (quoting *State v. Woo Won Choi*, 55 Wn. App. 895, 901, 781 P.2d 505 (1989)).

The interpreter issue also presents right to counsel issues pursuant to CrR 3.1. Pursuant to CrR 3.1 and *State v. Prok*, 107 Wn.2d 153, 727 P.2d 652 (1986), a suspect is to be informed of his/her right to counsel upon being taken into custody and in "words easily understood." This also applies to *State vs. Ferrier* rights. The Washington Supreme Court extended this principal to implied consent warnings read after a DUI arrest, holding that the State failed to prove that a subject who was a native Spanish speaker was read the implied consent warnings at all, let alone in a comprehensible manner, when the only testimony at trial was inadmissible hearsay testimony that the officer heard the interpreter read the warnings to the defendant in Spanish, but the officer, who did not speak Spanish, was unable to testify as to what exactly was read. *State v. Morales*, 173 Wn.2d 560, 573-74, 269 P.3d 263, 271 (2012).

Moreover, the *Morales* Court determined, the trooper would have known the warnings were read only if the interpreter had told him that they were read, but that this statement would be classic hearsay, and likewise inadmissible, unless the testimony is *not* offered for the truth of the matter asserted *or* the interpreter is an agent of the declarant. *Id., citing State v. Phu V. Huynh*, 49 Wn. App. 192, 203, 742 P.2d 160 (1987); *State v. Garcia-Trujillo*, 89 Wn. App. 203, 204-05, 948 P.2d 390 (1997). Because the only testimony regarding the warnings came from the trooper, the Court determined that the State had not proven that the warnings had been provided to Mr. Morales, and that the blood test results were admitted in error. *Id.* at 577.

Similarly, in *State v. Huynh*, 49 Wn. App. 192, 742 P.2d 160 (1987), the defendant, who spoke only Vietnamese, was interviewed by an officer through defendant's ex-girlfriend's niece,

HOOVER LAW GROUP P.L.L.C.
1805 – 136th Place NE #203
Bellevue, WA 98005
Phone: (206) 613-3111
Fax: (206) 613-3112
E-mail: gshlaw@gmail.com

and the officer testified to the content of Mr. Huynh's answers at trial over defense counsel's objection. The Court relied on its decision in *State v. Lopez,* 29 Wn. App. 836, 631 P.2d 420 (1981) to resolve *Huynh.* In *Lopez,* Division One found that a victim's description of his assailant that was translated by his friend for the officer, and to which the officer testified at trial when neither the victim nor the translator was available for cross-examination was inadmissible hearsay. *Lopez,* 29 Wn. App. at 839. The *Lopez* Court reasoned that a witness is not competent to testify as to extrajudicial statements made by another if it is necessary to have those statements translated prior to the witness' testimony, because the witness is relying on the interpreter's assertion of what the other party said. *Id.* In other words, testimony that "is based upon the translation alone rather than an understanding of the declarant's own words" is not admissible. *Huynh,* 49 Wn. App. at 203, *citing* Note, *Criminal Law/Evidence -- Admissibility of Third-Party Testimony on Out-of-Court Statements Made to a Witness Through an Interpreter -- Chao v. State, 478 So. 2d 30 (Fla. 1985),* 14 Fla. St. U. L. Rev. 372 (1986). "The testimony is admissible *only* if it is not offered for the truth of the matters asserted *or* the interpreter is an agent or authorized to speak for the declarant." *Id. citing* 29 Am. Jur. 2d *Evidence* § 501, at 558 (1967).

With the *Lopez* case as controlling precedent, the *Huynh* Court found that the record demonstrated that the interpreter in that case was not an agent for the appellant, and that the translation of the appellant's statements was offered for the truth of their content. *Huynh,* 49 Wn. App. at 203. Thus, the officer's testimony was hearsay and not admissible under any exception to the hearsay rule and should have been excluded. *Id.* at 203-4.

Likewise, during court proceedings, when the sufficiency of an interpreter's efforts is called into question, the inquiry focuses on whether the rights of the non-English speaking person have been protected. *State v. Ramirez-Dominguez*, 140 Wn. App. 233, 244, 165 P.3d 391

MOTIONS TO SUPPRESS - 6

HOOVER LAW GROUP P.L.L.C.
1805 – 136th Place NE #203
Bellevue, WA 98005
Phone: (206) 613-3111
Fax: (206) 613-3112
E-mail: gshlaw@gmail.com

(2007); *State v. Teshome*, 122 Wn. App. 705, 712, 94 P.3d 1004 (2004), *review denied*, 153 Wn.2d 1028 (2005).

Rather than adopting its own standard of review for this issue, Washington Court have borrowed from federal case law, which looks to trial court records for instances where the defendant reportedly could not understand the interpreter or answered questions inappropriately. *Ramirez-Dominguez*, 140 Wn. App. at 245-246 and *Teshome*, 122 Wn. App. at 712, both citing *Perez-Lastor v. Immigration & Naturalization Service*, 208 F.3d 773 (9th Cir. 2000); *Amadou v. Immigration & Naturalization Service*, 226 F.3d 724 (6th Cir. 2000).

*Teshome* additionally discussed a four-factor test presented in *United States v. Cirrincione*, 780 F.2d 620 (7th Cir. 1985). *Teshome*, 122 Wn. App. at 712-713:

> (1) what is told [the defendant] is incomprehensible; (2) the accuracy and scope of a translation at a hearing or trial is subject to grave doubt; (3) the nature of the proceeding is not explained to him in a manner designed to ensure his full comprehension; or (4) a credible claim of incapacity to understand due to language difficulty is made and the district court fails to review the evidence and make appropriate findings of fact. *Id*. (citing *Cirrincione*, 780 F.2d at 634).

Each of these factors depends on record-based evidence of significant communication difficulties between defendant and interpreter. The Court should be guided by the foregoing case law as well as the relating federal rules in comparison to State Rule CrR 3.1 and *State v. Prok*, 107 Wn.2d 153, 727 P.2d 652 (1986), which require that a suspect be informed of his/her right to counsel in "words easily understood."

MOTIONS TO SUPPRESS - 7

HOOVER LAW GROUP P.L.L.C.
1805 – 136th Place NE #203
Bellevue, WA 98005
Phone: (206) 613-3111
Fax: (206) 613-3112
E-mail: gshlaw@gmail.com

In the case of this defendant Mr. Lei, the interpreter in the recording is not known and it is not shown what her credentials are as far as qualifications to interpret. We do not know if she is court certified or not. Also, at times in the recording she has a conversation with the defendant instead of just interpreting. She also did not interpret to Mr. Lei who the postal inspector was and she did not translate to the inspector that the conversation was being recorded. It appears that the *Miranda* rights were not thoroughly interpreted as well. The defendant mainly speaks Cantonese where the translator spoke in the dialect of Mandarin. Therefore, the defense moves to suppress any statements or evidence found as a result of the statements in this case.

2. Should the court suppress evidence gathered illegally when the Defendant was never informed in his own language nor ever gave consent for the conversation and any possible search and seizure to be recorded? – Yes.

In order for an analyses on the law on this issue, both state and federal laws are reviewed. Pursuant to RCW 9.73.030, Washington state is a two party state for recorded conversations. An exception is allowed for officers for custodial questioning but they must let the Defendant know it is being recorded. RCW 10.122.040. Also, under federal law, 18 U.S.C. § 2511 only requires **one-party to consent**, which means a person can record a phone call or conversation so long as they are a party to the conversation. If they are not a party to the conversation, they can record a conversation or phone call only if at least one party consents and has full knowledge that the communication will be recorded.

According to the recording, the postal inspector mentioned that the conversation was being recorded. This, however, was never translated to the Defendant in any language. Also, there was no consent by the *interpreter* to have the conversation recorded. Therefore, the postal inspector was in violation of the above mentioned statutes and all evidence as a result of this interrogation should be suppressed and the case dismissed.

HOOVER LAW GROUP P.L.L.C.
1805 – 136th Place NE #203
Bellevue, WA 98005
Phone: (206) 613-3111
Fax: (206) 613-3112
E-mail: gshlaw@gmail.com

## CONCLUSION

Since the defendant was not read his Miranda rights in his own native language and since he was not informed that the conversation was being recorded, the defense moves to suppress all the evidence in this case including any evidence as a result of the illegal recording of the interrogation of the defendant.

Dated this 27TH of May 2022

*[signature]*

Gregory Scott Hoover WSBA #28049
Attorney for the Defendant
WENGUAN LEI

MOTIONS TO SUPPRESS - 9

HOOVER LAW GROUP P.L.L.C.
1805 – 136th Place NE #203
Bellevue, WA 98005
Phone: (206) 613-3111
Fax: (206) 613-3112
E-mail: gshlaw@gmail.com