THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>WENGUAN LEI,<br><br>               Defendant. | CASE NO. CR20-0171-JCC-10<br><br>ORDER |

    This matter comes before the Court on Defendant Wenguan Lei's motion for a bill of particulars (Dkt. No. 305). Having thoroughly considered the motion and relevant record, and finding oral argument unnecessary, the Court hereby DENIES the motion for the reasons explained below.

    A defendant may move for a bill of particulars within 14 days after arraignment, or at a later time with the Court's permission. Fed. R. Crim. P. 7(f). The purpose is "to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense." *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984). It may be appropriate, for example, where an indictment is insufficient to permit the preparation of an adequate defense. *United States v. DiCesare,* 765 F.2d 890, 897 (9th Cir. 1985). But a "defendant is not entitled to know all the evidence the [G]overnment intends to produce . . . only the theory of the [G]overnment's case." *Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965).

Here, Mr. Lei was charged in August 2021 with one count of conspiracy[1] to manufacture and distribute marijuana and one count of manufacturing and possessing with intent to distribute marijuana. (*See* Dkt. No. 129 at 1–2, 7 (Counts 1 and 11 of the superseding indictment).) Some nine months later, upon the appearance of additional defense counsel, (*see* Dkt. No. 274), Mr. Lei moved for a bill of particulars. (Dkt. No. 305.) He now requests the Government provide him with the date and location that he and others allegedly entered the conspiracy, the objects of the conspiracy, the manner in which he and his co-conspirators participated in "Overt Acts" in furtherance of the conspiracy, the nature of the conspiratorial event(s) and the statements that the Government intends to rely on to prove its case. (*Id.* at 2–3.)

Mr. Lei. was arraigned long ago. (*See* Dkt. No. 184.) Yet he has not sought the Court's permission to file his motion. (*See generally* Dkt. No. 305.) Further, the superseding indictment, when viewed in conjunction with the discovery produced by the Government[2] and available to Mr. Lei, *along with* the assistance of a coordinating discovery attorney, (*see* Dkt. No. 92), establishes the Government's theory of its case. *See, e.g.*, *United States v. Bundy*, 2016 WL 9045854, slip op. at 8 (D. Nev. Aug. 18, 2016). This "obviates the need for a bill of particulars." *United States v. Giese*, 597 F.2d 1170, 1180. (9th Cir. 1979).

Accordingly, Mr. Lei's motion (Dkt. No. 305) is DENIED.

//
//
//
//

---

[1] The Government alleges that Mr. Lei is a co-conspirator in a nationewide, illicit marijuana scheme centered in the Western District of Washington. (Dkt. No. 322 at 2–3.)

[2] According to the Government, it produced *hundreds of thousands of pages of discovery*, including a 123-page search-warrant affidavit outlining how Lei became known to investigators and the grounds for searching his residence, along with surveillance and other digital evidence. (Dkt. No. 322 at 6–7.)

DATED this 24th day of June 2022.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE