THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>WENGUAN LEI,<br><br>        Defendant. | CASE NO. CR20-171-JCC-10<br><br>ORDER |

This matter comes before the Court on Defendant's Motion to Reduce Sentence Pursuant to Amendment 821 of the United States Sentencing Guidelines ("USSG") and 18 U.S.C. § 3582(c)(2) (Dkt. No. 512). Having considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

Defendant was sentenced on December 14, 2022, after pleading guilty to conspiracy to manufacture and distribute marijuana. (*See* Dkt. Nos. 339, 402.) At sentencing, the Court calculated Defendant's total offense level to be 29, with a criminal history Category I. (Dkt. No. 389.) This resulted in a sentencing guidelines range of 87 to 108 months. (*Id.*) The Court then imposed a custodial sentence of 30 months. (Dkt. No. 402.)

Defendant now asks for a reduction pursuant to Amendment 821 to the USSG. (Dkt. No. 512.) This is based on Part B, Subpart 1 of the amendment, which provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history

whose offenses meet the guideline's criteria. *See* USSG § 4C1.1(a).

To qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce the defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009). However, USSG § 1B1.10(b)(2) provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range," unless the defendant received a sentence reduction based on substantial assistance to the United States.

Here, under the retroactively applicable amendment codified in USSG § 4C1.1, Defendant's total offense level would be lowered two levels to 27, resulting in an amended sentencing guideline range of 70 to 87 months. USSG app. 30 Sentencing Table. But because the sentence already imposed (30 months) is well below the low end of this amended range, the policy statement precludes any reduction in Defendant's sentence. *See* USSG § 1B1.10(b)(2). Furthermore, the record does not show, and Defendant has not established, that the "substantial assistance" exception of USSG § 1B1.10(b)(2)(B) applies. This Court therefore lacks the authority to reduce Defendant's sentence. *See Wesson*, 583 F.3d at 730.

For the foregoing reasons, Defendant's motion for a reduction of his sentence (Dkt. No. 512) is DENIED.

//
//
//
//

ORDER
CR20-171-JCC-10
PAGE - 2

DATED this 16th day of January 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE